## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff/Appellant

v.

## DEAN RANDALL ILES, Defendant/Appellee

D.C. Civil No. 1987/108
T.C. Crim. No. 209/87

District Court of the Virgin Islands

Div. of St. Croix

January 4, 1989

GERALD A. SIMS, JR., Assistant Attorney General: General Litigation Services (Department of Justice), St. Thomas, V.I., for *plaintiff/appellant*

CORTLAND E. BERRY, Territorial Public Defender, St. Croix, V.I., for *defendant/appellee*

O'BRIEN, *Presiding Judge*; BROTMAN,* *District Judge*, and MEYERS, *Territorial Court Judge*

---

* The Honorable Stanley S. Brotman is sitting by designation from the U.S. District Court of New Jersey.

# OPINION

## PER CURIAM

The trial court below ordered the suppression of items seized prior to defendant's arrest as the products of an unlawful arrest and subsequently invalid search. The government contends the court's ruling is erroneous. We agree, and being satisfied that the evidence was lawfully seized, will reverse its order.

## I. FACTS and PROCEDURAL BACKGROUND

At approximately 2:00 a.m. on July 10, 1987, Agents Cedric Armstrong and Fritzroy Brann of the Narcotics Strike Force were on routine patrol in the Grove Place area of St. Croix. The agents were in separate cars. Agent Brann stopped at a vegetable stand where six or seven persons were gathered, and got out of his car to talk to one of them. Agent Armstrong also pulled over here, next to a cream colored car belonging to defendant Dean Randall Iles. Agent Armstrong got out of his car and stood next to the passenger door of Iles' car, apparently waiting and watching Brann, who was with the group of people at the vegetable stand on the other side of the car. Both agents had earlier identified themselves to the group as police officers. Agent Armstrong could overhear Brann talking with one of the persons, scolding him about smoking marijuana. The odor of marijuana smoke was present in the area of the vegetable stand and Iles car.

Iles, sitting in the driver's seat greeted Agent Armstrong, who then looked at Iles and saw a marijuana cigarette between his feet. He recognized it as a marijuana cigarette from his four years of training and work as a police officer. He asked Iles to pick it up. As Iles picked it up he pushed a plastic bag under the car seat. Before it was concealed, Agent Armstrong could see it contained what appeared to be brown envelopes of a type commonly used in marijuana trafficking. Agent Armstrong asked Iles about the bag. Iles responded evasively "what bag" while reaching down to touch the bag. The same request and response were repeated. Agent Armstrong then reached into the car and took the bag. It did indeed contain brown envelopes filled with marijuana. Iles was arrested and charged with possession of a controlled substance with intent to distribute.

Iles moved to suppress the marijuana cigarette and the plastic bag and its contents. After an evidentiary hearing consisting solely

of Agent Armstrong's testimony, the trial court granted the motion. In its oral findings of fact and conclusions of law, the court stated that the presence of the marijuana cigarette was insufficient grounds for probable cause to arrest Iles and, thus, the evidence should be suppressed. Other statements made by the court indicate a finding that the plastic bag and its contents were seized in a search incident to Iles' arrest. That is, the evidence was suppressed as "fruit of the poison tree," the search incident to an invalid arrest. The government appeals the order of suppression to this Court.

Our jurisdiction to review the order of suppression is provided by the Revised Organic Act of 1954, V.I. Code Ann. tit. 1, § 23A and V.I. Code Ann. tit. 4, § 39(a).

## II. DISCUSSION

The court below held that Officer Armstrong's sighting of the marijuana cigarette failed to provide probable cause for Iles' arrest, and ordered the evidence suppressed. It is implicit that the court found that the unlawful arrest tainted the seizure of the marijuana cigarette, which in turn resulted in an unlawful search and seizure of the grocery bag and its contents. Thereby we find that the trial court was applying the legal precepts of search incident to arrest.

To the contrary, the evidence below shows that the items were lawfully seized pursuant to the plain view doctrine, and not pursuant to a search and seizure incident to arrest. Although the events are somewhat contemporaneous, it is clear that the arrest followed the seizures, which were made upon plain view rather than a search.

Although we might remand the matter for the trial court for the application of the proper legal standard, the record before us clearly indicates that the plain view doctrine legitimizes the warrantless seizures.

Officer Armstrong was able to view the interior of the car from a position where he had a right to be. Coolidge v. New Hampshire, 403 U.S. 433, 465–68 (1971). He did not know the existence or location of the contraband before he approached the vehicle and, thus, the sightings were "inadvertent." Id. at 470. Lastly, the criminal nature of the contraband was "immediately apparent" to him. Id. at 466. In determining whether the criminal nature of seized materials was immediately apparent, we ask the familiar question of whether the officer had probable cause to believe the

materials were contraband or evidence of a crime. See Arizona v. Hicks, 480 U.S. 321, 326 (1987).

In analyzing the circumstances confronted by Agent Armstrong, we are guided by the Supreme Court's observation in a similar case, Texas v. Brown, 460 U.S. 730 (1983).

> The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as factfinders are permitted to do the same—and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.

Id. at 742 (quoting United States v. Cortez, 449 U.S. 411, 418 (1981)).

Agent Armstrong observed clearly what appeared to be and was believed by him to be a marijuana cigarette on the car's floorboard. There can be no doubt but that he had probable cause to seize it as contraband. We likewise have little trouble with regard to the contents of the plastic grocery bag. Agent Armstrong saw the bag contained what appeared to be brown envelopes of a type commonly used in the sale and distribution of small "dime" bags of marijuana. Absolute certainty is not a necessary component of an officer's observations. Texas, 460 U.S. at 742. The presence of marijuana smoke in the area indicated the likely presence of the illegal substance. Iles attempted to surreptitiously conceal the bag while reaching for the marijuana cigarette, and responded evasively when questioned about the bag's contents.

We have no doubt that the situation in its entirety as viewed by Officer Armstrong provided probable cause to believe that the brown envelopes contained contraband substance. Consequently, its criminal nature was immediately apparent to him so as to justify its seizure.

## III. CONCLUSION

Having found that the marijuana cigarette and contents of the grocery bag were lawfully seized pursuant to the plain view doctrine and, therefore, reasonable under the fourth amendment, the order entered below granting Iles' motion to suppress must be

■■■■■■■■■

reversed. The case will be remanded to the trial for further proceedings.

## JUDGMENT

THIS MATTER is before the court on appeal from the Territorial Court of the Virgin Islands. Having filed an opinion of even date herewith, and the premises considered, now therefore it is

ORDERED and ADJUDGED:

THAT the order of the Territorial Court is REVERSED and the case REMANDED for further proceedings.